IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-24-959-SLP |
| v. | ) |
| | ) McClain County District Court |
| ENCOMPASS INSURANCE COMPANY | ) Case No.: CJ-2024-62 |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**NOTICE AND PETITION OF REMOVAL**

1. Notice. Pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446 and LCvR 81.2, Defendant, Encompass Insurance Company of America, a foreign corporation, removes this action to this Court, which is the judicial district in which the action is pending. In support of this Notice, Defendant states as follows:

2. The State Court Action. Plaintiff, Nathan Brown commenced this action against Defendant on March 14, 2024, in the District Court of McClain County, State of Oklahoma (Case No. CJ-2024-62) (the "State Court Action"). (Pursuant to 28 U.S.C. § 1446, a copy of all "State Court Documents" served upon Defendant, along with a state court docket sheet are attached hereto as *Exhibit 1* (Petition), *Exhibit 2* (Summons), and *Exhibit 3* (Entry of Appearance), and *Exhibit 4* (State Court Docket Sheet)). Encompass was served through the Oklahoma Insurance Commissioner and the Summons was received by Defendant on August 26, 2024. (A copy of "Service Documents" are attached as *Exhibit 5*).

3. <u>Attachment of State Court Papers</u>. Pursuant to 28 U.S.C. § 1446, Defendant has attached all "State Court Documents" served on Defendant as of the time of this removal. *See Exhibits 1, 2, and 3*. Pursuant to LCvR 81.2, Defendant has attached the state court docket sheet as *Exhibit 4*.

4. <u>Removal Is Proper</u>.  Removal to this Court from the District Court of McClain County, State of Oklahoma, is proper pursuant to 28 U.S.C. §§ 1441 and 1446, in that: (a) there is complete diversity of citizenship between Plaintiff and Defendant; (b) the amount in controversy exceeds $75,000; and (c) this Notice of Removal is filed less than thirty days after Defendant was served with summons.

**Diversity of Citizenship Exists**

5. <u>Plaintiff is a Citizen of Oklahoma</u>. As shown in Paragraphs 1, 3, 4, and 5 of Plaintiff's Petition (*Exhibit 1*), Plaintiff owned a home in McClain County Oklahoma, and therefore is a citizen of Oklahoma.

6. <u>Defendant Is Not A Citizen of Oklahoma</u>. Also as set forth by Plaintiff in Paragraph 2 of his Petition (*Exhibit 1*), Defendant is a foreign corporation.  Defendant is organized and existing under the laws of a state other than the State of Oklahoma, and it maintains its principal place of business in Northbrook, IL.

***The Amount In Controversy Exceeds $75,000***

7. <u>Plaintiff Alleges Contract and Tort Damages Exceeding $75,000</u>.  The allegations in Plaintiff's State Court Petition make clear the amount in controversy exceeds $75,000.  The Petition asserts causes of action against Defendant for breach of contract and bad faith/breach of the duty of good faith and fair dealing. In connection

with the bad faith claim, Plaintiff's Petition states "Plaintiff seeks compensatory damages and punitive damages inclusive of attorney fees, interest, and costs, in an amount in excess of $75,000.00, the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332." (*Exhibit 1*, Wherefore Clause). Accordingly, Plaintiff's Petition plainly seeks over $75,000.00 in damages, thus satisfying the jurisdictional amount.

      8.  <u>Plaintiff's Petition Seeks Punitive Damages and Attorneys Fees</u>.  In addition to seeking over $75,000.00 in damages for alleged breach of contract and bad faith, Plaintiff also seeks "punitive damages" and "attorney fees" (*Id.*, Wherefore Clause). In Oklahoma, an insured can recover attorney fees in a bad faith suit against his or her insurer pursuant to 36 O.S. §§ 1219 and 3629. *See Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080, 1107. In fact, Section 3629 makes attorney fees mandatory if the insured is the prevailing party under the statute. *Stauth v. National Union Fire Ins. Co. of Pittsburg*, 236 F.3d 1260, 1267 (10th Cir. 2001). The potential award of attorney fees, in addition to the contract and punitive damages sought, should be considered in determining whether the jurisdictional amount is satisfied. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1214, 1218 (10th Cir. 2003); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). As noted by the Northern District of Oklahoma, attorney fee awards can be substantial in and of themselves." *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1278 (N.D. Okla. 2006). *See also Lindley v. Life Investors Ins. Co. of America*, 2008 WL 4525423 (N.D. Okla., Oct. 2, 2008) (valuing attorney fees in a bad faith case based on a denial of medical benefits claim at $45,000 for purposes of determining the amount in

controversy).  Accordingly, Plaintiff's potential recovery of attorney fees is a proper and substantial factor for the Court to consider in determining the amount in controversy exceeds $75,000.00.

Likewise, the United States Supreme Court has recognized the amount in controversy for removal of a case to federal court includes a plaintiff's claim for punitive damages.  *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).  Defendant is aware that a plaintiff's mere assertion of punitive damages is not, in and of itself, sufficient to establish the amount in controversy.  Here, however, Defendant does not rely solely on Plaintiff's claim for punitive damages to establish the jurisdictional amount.  Rather, Plaintiff's punitive damages request is merely one of many facts which, in combination, establish that well more than $75,000.00 is at stake.

### *The Removal Is Timely And Procedure Is Proper*

9. <u>Removal Within Thirty Days Of Receipt</u>.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendant was served with summons through the Insurance Commissioner for the State of Oklahoma, which was on August 26, 2024. (*See Exhibit 5*.)

10. <u>Notice Of Filing</u>.  Written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of McClain County, State of Oklahoma, as provided by 28 U.S.C. § 1446(d). (*See Exhibit 6*, Notice of Filing of Notice of Removal (exhibits omitted).)

11. <u>Payment Of Removal Fee</u>. Defendant's counsel will cause to be paid the filing fee to the Clerk of this Court simultaneously with the filing of this Notice.

WHEREFORE, Defendant, Encompass Insurance Company, removes this action to this Court and invokes this Court's jurisdiction.

DATED this 16th day of September 2024.

                                                    Respectfully submitted,

*s/Jasper Abbott*
Naureen Hubbard, OBA #20604
Jasper V. Abbott, OBA #30001
**DEWBERRY & HUBBARD, PLC**
24 West Park Place
Oklahoma City, Oklahoma 73103
(405) 601-9400 Office
(405) 601-9444 Facsimile
naureen@dewberryhubbard.com
jasper@dewberryhubbard.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jonathan R. Ortwein
MANSELL & ENGEL
204 North Robinson, 21st Floor
Oklahoma City, OK 73102
T: (405) 232-4111
F: (405) 232-4140
jortwein@meclaw.net

*Attorney for Plaintiff*

                                                s/*Jasper Abbott*
                                                JASPER ABBOTT