IN THE DISTRICT COURT OF MCCLAIN COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
McClain County, Oklahoma
MAR 14 2024
Kristel Gray, Court Clerk
by _____, Deputy

| | |
|---|---|
| NATHAN BROWN, | |
| Plaintiff, | |
| v. | Case No: CJ-24-62 |
| ENCOMPASS INSURANCE COMPANY OF AMERICA, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**PETITION**

**COMES NOW** Plaintiff, Nathan Brown, ("the Brown family"), for his cause of action against Defendant, Encompass Insurance Company of America ("Encompass"), alleges and states:

1. At all times material hereto, the Brown family was insured under Encompass policy number 282505689 ("the Policy").

2. Defendant Encompass is a foreign corporation incorporated in the State of Illinois and maintains its principal place of business in a state other than Oklahoma. Encompass is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 N.E. 50th St., Oklahoma City, OK 73105.

3. On or about August 31, 2020, the Brown family's home sustained damage in a covered loss due to a hail and windstorm.

4. The Brown Family submitted a claim for this loss to Encompass, made the premises available for inspection by Encompass' adjusters, cooperated in the limited investigation that Encompass performed, and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

5. The acts and occurrences that are the subject of this lawsuit occurred within the state of Oklahoma and within McClain County, Oklahoma. Therefore, jurisdiction and venue are proper within McClain County, Oklahoma.

6. This matter was previously filed as McClain County District Court Case No. CJ-22-163 and was assigned to Judge Edwards.

## COUNT I

The Brown Family fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for their claims against Defendant Encompass, alleges and states:

7. Encompass breached the subject insurance policy by wrongfully denying coverage and failing and refusing to pay the proper amounts due under the policy for the covered damage to the Brown family's house.

8. Defendant Encompass breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of the Brown family at a time when Defendant knew that Plaintiff was entitled to those benefits;

   b. failing to properly investigate the Brown family's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information after reinspection of the home at request of Plaintiff's representatives;

   c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

   f. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

2

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i. forcing Plaintiff, pursuant to its standard claims, to retain counsel in order to secure benefits Defendant knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. refusing to consider the reasonable expectations of the insured;

l. underpaying policy benefits;

m. refusing to reasonably consider Plaintiff's claimed damages and scope of repair;

n. failing to properly investigate the correct date of loss;

o. failing to advise Plaintiff of express provisions contained in the policy;

p. asserting a coverage position that denies Plaintiff's ability to begin repairs of their home;

q. underpaying claims by offering settlement without consideration of proper repair scope and technique for admittedly covered damage;

r. refusing the recommendations of roof inspections;

s. refusing to pay for appropriate repairs for the damage Defendant admits are owed;

t. ignoring Defendant's own guidelines on proper adjustment of homeowner's claims;

u. refusing to reasonably consider meteorological data in determining cause of loss; and

v. refusing to reasonably consider evidence presented by Plaintiff regarding the repairability of the roof

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Encompass.

9. Defendant's refusal to pay benefits was unreasonable under the circumstances because it failed to perform a proper investigation of the damage to the home and it failed to properly evaluate the limited investigation it did perform.

10. Encompass's conduct in the denial of the Brown Family's insurance claim demonstrates a consistent, willful, pervasive, and abusive scheme to deny Oklahomans insurance benefits associated with storms, in the following respects:

   a. As a matter of routine practice Encompass admits nominal covered damage, e.g., the soft metals and inexpensive roofing accessories, were damaged by the covered storm.

   b. Encompass admits homeowners' roofs have "damage" all over the roof. Encompass routinely admits covered storm damage to property in the vicinity, such as mailboxes, cars, and outbuildings, while attributing shingle damage to non-covered defects, wear and tear, or other excluded damage.

   c. Encompass pays for few, if any, damaged shingles on the homeowners' roof despite demonstrably large storms and observable storm damage.

   d. Encompass improperly evaluates claims by estimating low benefit payments within a standard deviation above or below the deductible.

11. Encompass has implemented this claims handling practice across the state of Oklahoma and the Brown Family's counsel is aware of numerous cases that fit the same pattern and practice.

12. Encompass's claims handling practice has resulted in numerous complaints by Encompass agents, adjusters, and insureds, made intentionally and to regulatory agencies, e.g., the Oklahoma Insurance Department.

13. Encompass's claims handling practice has forced an increased number of insureds to file suit in order to recover owed and payable benefits.

14. Encompass's claims handling practices have resulted in increased profitability for Encompass due to decreased claim benefits paid to insureds.

15. Encompass's claims handling practices have resulted in a significant decrease in claims paid.

16. Insurance industry professional across the state of Oklahoma have observed Encompass's claims handling practices as well as the resulting increase in claim denials and underpayment of covered claims.

17. Encompass is aware of its claims handling practices and supports the effort to effect a pattern and practice of wrongful claim denials and/or unreasonable "low-ball" settlement offers.

18. As a result of Defendant's conduct, the Brown Family has sustained damages including deprivation of monies rightfully belonging to them, anger, stress, worry, physical and emotional suffering.

19. The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the Brown Family's rights and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

**WHEREFORE**, the Brown Family prays for judgement against Defendant, Encompass Insurance Company of America, both for compensatory damages and punitive damages, with interest and costs of this action, reasonable attorney fee, and for such other relief as may be appropriate. Plaintiff seeks compensatory damages and punitive damages inclusive of attorney fees, interest, and costs, in an amount in excess of $75,000.00, the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**MANSELL & ENGEL**

By: _____
Adam Engel, OBA #32384
Jonathan R. Ortwein, OBA #32092
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
E-mail:  aengel@meclaw.net
         jortwein@meclaw.net

**ATTORNEYS FOR PLAINTIFF**