IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NATHAN BROWN,                      )
                              )
          Plaintiff,           )
                              )  Case No.
v.                             )
                              )  McClain County District Court
ENCOMPASS INSURANCE COMPANY   )  Case No.: CJ-2024-62
OF AMERICA,                )
                              )
          Defendant.         )

## <u>ANSWER</u>

Defendant, Encompass Insurance Company of America (hereinafter "Defendant" or "Encompass"), for its Answer to Plaintiffs' Petition filed herein, generally denies each and every material allegation, except those hereinafter specifically admitted, and answers the numbered paragraphs as follows:

1.     The allegations in Paragraph 1 of Plaintiff's Petition are denied.

2.     The allegations in Paragraph 2 of Plaintiff's Petition are admitted.

3.     The allegations in Paragraphs 3, 4, and 5 of Plaintiff's Petition are denied.

4.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiff's Petition; therefore, said allegations are denied.

5.     The allegations in Paragraphs 7, 8, 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g), 8(h), 8(i), 8(j), 8(k), 8(l), 8(m), 8(n), 8(o), 8(p), 8(q), 8(r), 8(s), 8(t), 8(u), 8(v), 9, 10, 10(a), 10(b), 10(c), 10(d), 11, 12, 13, 14, 15, 16, 17, 18, and 19 of Plaintiff's Petition are denied.

6.      Encompass generally and specifically denies the allegations and prayers for relief contained within the "WHEREFORE" Paragraph of Plaintiffs' Petition.

7.      The remaining allegations in Plaintiffs' Petition are denied.

8.      Discovery being incomplete, Encompass reserves the right to amend its Answer in any particular or to add any affirmative defenses, crossclaims, counterclaims, and/or third-party claims as more information becomes available through the discovery process.

<u>**AFFIRMATIVE DEFENSES AND OTHER**</u>
<u>**MATTERS CONSTITUTING AVOIDANCE**</u>

Encompass sets forth below its affirmative defenses. By setting forth these affirmative defenses, Encompass does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's claims or that Plaintiff's allegations have merit. Encompass reserves the right to assert additional affirmative defenses or matters constituting avoidance at such time and to such extent as warranted by discovery and the factual developments in this case.

1.      Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations and/or contractual limitations period contained in the insurance contract.

3.      Encompass' investigation, handling, and evaluation of Plaintiff's claims was at all times reasonable, thus barring Plaintiffs' bad faith claim.

2

4.      Invalidity of contract due to Plaintiff's misrepresentations and/or fraudulent inducement.

5.      Plaintiff's claims against Encompass are not covered and are expressly excluded by the terms and conditions of the insurance policy.

6.      Plaintiff's claims against Encompass are barred in whole or in part and due to the failure of a condition precedent and/or condition subsequent under the policy that existed between Plaintiffs and Encompass.

7.      Encompass at all times, has been reasonable and appropriate in response to Plaintiff's demands.

8.      Plaintiff's recovery from Encompass for breach of contract, if any, is limited by the limits set forth in the policy. Plaintiffs' contractual damages cannot exceed those limits.

9.      Plaintiff failed his duty to mitigate his damages.

10.     A legitimate, bona fide dispute between Plaintiff and Encompass bars any claim of bad faith.

11.     Plaintiff's claims are barred either in whole or in part by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

12.     Plaintiff's damages, to the extent they exist at all, were caused in full by themselves or by the actions of third parties over whom Encompass has no control and for which Encompass did not provide any insurance coverage under the terms of the applicable insurance policy.

13.    Encompass denies liability based on the theory of agency or vicarious liability, and further denies any act or omission by Encompass caused or contributed to damages, if any, sustained by Plaintiff.

14.    If Plaintiff recovers from any third party, Encompass is entitled to contribution, set off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to the alleged damages.

15.    Plaintiff's claims may be barred, either in whole or in part, to the extent Plaintiff has released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims. Encompass is entitled to a set-off, either in whole or in part, for any amounts Plaintiff received from any and all other sources pursuant to 12 O.S. § 832(H).

16.    Plaintiff's claim for punitive damages should be stricken on the following grounds.

a.  Consideration of punitive damages in this civil action would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Oklahoma Constitution in that:

i.  Consideration of punitive damages in this action would allow standardless discretion to the jury to determine punishment depriving Encompass of prior notice of the consequences of his alleged actions.

ii.  The admission of any evidence directly to the jury concerning Encompass' assets or net worth will create undue risk of an improper verdict on each issue concerning liability, the measure of compensatory

damages, whether to award punitive damages, and the measure of punitive damages.

    iii.  Punitive damages, by their very nature, constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" and not merely "clear and convincing evidence" or a "preponderance of the evidence."

  b.  An award of punitive damages, if allowed, would violate the Excessive Fines Clause of the Eight Amendment of the United States Constitution and the Oklahoma Constitution in that punitive damages would constitute an excessive fine upon Encompass.

  c.  Punitive damages are punishment, a quasi-criminal sanction, for which Encompass is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth, and Sixth Amendments to the United States Constitution and the Oklahoma Constitution.

17.    In the event the court permits Plaintiff to pursue punitive damages, Encompass pleads the limitation of recovery of such damages as set forth in 23 O.S. § 9.1.

18.    Encompass asserts any and all applicable defenses, limitations and/or bars to recovery under the U.S. Constitution, the Oklahoma Constitution, common law or statutory law, including but not limited to those available pursuant to 12 O.S. §§ 2008, 2009, and 2012.

19.    Insufficiency of process and service of process, if applicable

20.    Lack of capacity to be sued, if applicable.

21.     Plaintiff has failed to join all necessary and/or indispensable parties.

22.     Encompass reserves the right to supplement and/or amend this Answer and Affirmative Defenses as discovery is ongoing.

23.     Encompass demands a jury trial.

WHEREFORE, having fully answered, Defendant, Encompass Insurance Company of America, prays that Plaintiff takes nothing by way of his Petition against Encompass and that Judgment be entered in favor of Encompass and against Plaintiff; and that Encompass be awarded its attorneys' fees and costs of this action, and such further relief to the extent permitted by statute or law.

Respectfully submitted,

s/Jasper Abbott
Naureen Hubbard, OBA #20604
Jasper V. Abbott, OBA #30001
DEWBERRY & HUBBARD, PLC
24 West Park Place
Oklahoma City, Oklahoma 73103
(405) 601-9400 Office
(405) 601-9444 Facsimile
naureen@dewberryhubbard.com
jasper@dewberryhubbard.com
*Attorneys for Defendant*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of September 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jonathan R. Ortwein
MANSELL & ENGEL
204 North Robinson, 21st Floor
Oklahoma City, OK 73102
T: (405) 232-4111
F: (405) 232-4140
jortwein@meclaw.net

*Attorney for Plaintiff*

s/*Jasper Abbott*_____
JASPER ABBOTT