## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:   CIV-24-959-SLP |
| | ) |
| ENCOMPASS INSURANCE | ) |
| COMPANY OF AMERICA | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:        Friday, November 1, 2024, at 10:30 a.m.

Appearing for Plaintiffs:  Jonathan R. Ortwein, OBA #32092
　　　　　　　　　　　　　Jordyn Cartmell, OBA# 31043
　　　　　　　　　　　　　Mansell & Engel
　　　　　　　　　　　　　204 N. Robinson Avenue, 21st Floor
　　　　　　　　　　　　　Oklahoma City, Oklahoma 73102
　　　　　　　　　　　　　T: (405) 232-4100 ** F: (405) 232-4140
　　　　　　　　　　　　　　　Email: aengel@meclaw.net
　　　　　　　　　　　　　　　　　　jortwein@meclaw.net
　　　　　　　　　　　　　　　　　　jcartmell@meclaw.net

Appearing for Defendant:   Naureen Hubbard, OBA#20604
　　　　　　　　　　　　　Jasper V. Abbott, OBA #30001
　　　　　　　　　　　　　Dewberry & Hubbard, PLC
　　　　　　　　　　　　　24 West Park Place
　　　　　　　　　　　　　Oklahoma City, OK 73103
　　　　　　　　　　　　　Telephone: (405) 601-9400
　　　　　　　　　　　　　Facsimile: (405) 601-9444
　　　　　　　　　　　　　naureen@dewberryhubbard.com
　　　　　　　　　　　　　jasper@dewberryhubbard.com

**Jury Trial Demanded** ☒ **- Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    Plaintiff – This is an insurance bad faith and breach of contract against Encompass Insurance Company of America ("Encompass") for refusal to pay policy benefits to Plaintiff Nathan Brown for storm damage to Plaintiff's property. Encompass breached the subject insurance contract by wrongfully denying coverage and refusing to pay the proper amounts due under the policy for the covered damage to Plaintiff's property. Encompass' refusal to pay benefits was unreasonable because it failed to perform a proper investigation of the damage to Plaintiff's property, and failed to properly evaluate the limited investigation it did perform.

    Defendant – Encompass admits it wrote a policy of insurance with respect to Plaintiff's home which was in effect on August 31, 2020. Encompass maintains it reasonably investigated, evaluated, and adjusted Plaintiff's claim. Encompass maintains that Plaintiff was not entitled to payment beyond what Encompass offered under the terms of the policy.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    a. Plaintiffs are citizens of the State of Oklahoma.

    b. Defendant is incorporated in the State of Illinois and has its principal place of business in Illinois.

    c. The amount in controversy in the present matter exceeds $75,000.00.

    d. At the time of the loss underlying this case, Plaintiff was insured under a homeowners insurance policy issued by Defendant (No. 282505689).

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF**

**SOUGHT**.

    a. <u>Plaintiff</u>: Plaintiff owned the subject property located at 2322 Twin Creek Lane, Newcastle, OK 73065. Plaintiffs were insured with Defendant Encompass by a homeowners insurance policy, Policy No. 282505689. On August 31, 2020, Plaintiff's property was damaged by a storm, which was a covered loss under Plaintiff's insurance policy with Defendant Encompass (Claim No. Z6320112). Defendant Encompass does not dispute the property was damaged on the date of loss. Plaintiff timely submitted a claim to Defendant Encompass and allowed the insurer to do any and all inspections or other investigation they desired to do. Defendant Encompass breached the subject insurance contract by underpaying and wrongfully denying Plaintiff's claim for storm damage to Plaintiff's home. In its handling of Plaintiff's claim for damages, Defendant Encompass breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

    a. failing and refusing payment and other policy benefits on behalf of the Brown Family at a time when Defendant knew that the Brown Family was entitled to those benefits;

    b. failing to properly investigate the Brown Family's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information at request of the Brown Family's representatives;

    c. withholding payment of the benefits on behalf of the Brown Family knowing that the Brown Family's claims for those benefits were valid;

    d. refusing to honor the Brown Family's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e. refusing to honor the Brown Family's claims in some instances by applying restrictions not contained in the policy;

    f. refusing to honor the Brown Family's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

    g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include the Brown Family's claims;

h. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Brown Family's claims once liability had become reasonably clear;

i. forcing the Brown Family, pursuant to its standard claims, to retain counsel in order to secure benefits Defendant knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. refusing to consider the reasonable expectations of the insured;

l. ignoring evidence of clear hail damage to the Brown Family's roof;

m. underpaying policy benefits;

n. refusing to reasonably consider Plaintiffs' claimed damages and scope of repair;

o. failing to advise the Brown Family of express provisions contained in the policy;

p. asserting a coverage position that denies the Brown Family's ability to begin repairs of their home;

q. underpaying claims by offering settlement without consideration of proper repair scope and technique for admittedly covered damage;

r. refusing to pay for appropriate repairs for the damage Defendant admits are owed; and,

s. ignoring Defendant's own guidelines on proper adjustment of homeowner's claims;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to Defendant Encompass. As a direct and proximate result of Defendant Encompass' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, and other consequential damages. Defendant Encompass recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

b.  <u>Defendant</u>: Encompass denies Plaintiff is entitled to any damages, whether in contract or tort. Should Encompass prevail in this matter, it may seek recovery of attorney's fees and costs, if applicable.

5.  **<u>APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE</u>**.
    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐Yes ☒ No

6.  **<u>MOTIONS PENDING AND/OR ANTICIPATED</u>** (include date of filing, relief requested, and date responsive brief to be filed).

    <u>Plaintiffs</u> – None pending at this time.  Plaintiff anticipates filing *Daubert* motions.

    Defendant –

7.  **<u>COMPLIANCE WITH RULE 26(a)(1)</u>**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☒ Yes   ☐ No

    If "no," by what date will they be made? _____

8.  **<u>PLAN FOR DISCOVERY</u>**.

    A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>October 10, 2024</u>.

    B.  The parties anticipate that discovery should be completed within <u>8 months</u>.

    C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>4 months</u>.

    D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        ☒Yes ☐ No

  E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   ☒Yes ☐ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

   <u>The parties anticipate a protective order will be entered in the future</u>.

  F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

   <u>N/A</u>

9. **ESTIMATED TRIAL TIME**: <u>4-5 days.</u>

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good ☒ Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A. Compliance with LCvR 16.1(a)(1) - ADR discussion: ☒ Yes ☐ No

  B. The parties request that this case be referred to the following ADR process:

   ☐ Court-Ordered Mediation subject to LCvR 16.3
   ☐ Judicial Settlement Conference
   X Other <u>Private Mediation with deadline in Scheduling Order</u>
   ☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes ☒ No

14. <u>Type of Scheduling Order Requested</u>. ☒ Standard - ☐ Specialized (If a

6

specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of October, 2024.

> By: _/s/ Jonathan R. Ortwein_
> Jonathan R. Ortwein, OBA #32092
> Jordyn Cartmell, OBA# 31043
> Mansell & Engel
> 204 North Robinson, 21st Floor
> Oklahoma City, OK 73102-7201
> T: (405) 232-4100 ** F: (405) 232-4140
> E-mail:  jortwein@meclaw.net
>                jcartmell@meclaw.net
> *Attorneys for Plaintiff*

> By: _/s/ Jasper V. Abbott_ .
> Naureen Hubbard, OBA#20604
> Jasper V. Abbott, OBA #30001
> Dewberry & Hubbard, PLC
> 24 West Park Place
> Oklahoma City, OK 73103
> Telephone: (405) 601-9400
> Facsimile: (405) 601-9444
> naureen@dewberryhubbard.com
> jasper@dewberryhubbard.com
> *Attorneys for Defendant*