IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>ENCOMPASS INSURANCE COMPANY OF AMERICA,<br><br>      Defendant. | Case No: CIV-24-959-SLP |

**JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

Pursuant to Fed. R. Civ. P. 16(b)(4), 6(b), and LCvR 6.3, Plaintiff, Nathan Brown ("Plaintiff") and Defendant Encompass Insurance Company of America ("Defendant") (together, the "Parties") respectfully submit this Joint Motion to Extend the Scheduling Order Deadlines by 90 days. In support of this Joint Motion and the good cause for the same, the Parties state as follows:

1. On February 20, 2025, the Court entered the operative Scheduling Order [Doc. No. 12], which sets forth the following deadlines:

| | |
|---|---|
| August 1, 2025 | Plaintiffs to file a final list of expert witness(es) in chief and submit expert reports to Defendant. |
| August 15, 2025 ("14 days thereafter") | Defendant to file a final list of expert witness(es) in chief and submit expert reports to Plaintiffs. |

1

| | |
|---|---|
| August 1, 2025 | Plaintiff to file a final list of witnesses. |
| August 15, 2025 ("14 days thereafter") | Defendant to file a final list of witnesses. |
| August 15, 2025 | Plaintiff to file a final list of exhibits. |
| August 29, 2025 ("14 days thereafter") | Defendant to file objections to Plaintiffs' final exhibit list. |
| August 22, 2025 | Defendant to file a final list of exhibits. |
| September 5, 2025 ("14 days thereafter") | Plaintiffs to file objections to Defendant's final exhibit list. |
| October 1, 2025 | Discovery to be completed. |
| September 2, 2025 | *Daubert* Motions to be filed. |
| September 2, 2025 | Dispositive Motions to be filed. |
| October 1, 2025 | Designations of deposition testimony. |
| October 8, 2025 | Objections and counter-designations to be filed. |
| October 1, 2025 | Motions in Limine to be filed. |
| October 1, 2025 | Requested voir dire to be filed. |
| October 1, 2025 | Trial briefs to be filed. |
| October 1, 2025 | Requested jury instructions to be filed. |
| October 8, 2025 | Objections or responses to motions in limine to be filed. |
| October 8, 2025 | Objections or responses to requested voir dire, trial briefs and requested jury instructions to be filed. |
| October 1, 2025 | The proposed final pretrial report to be submitted to the Court. |

| | |
|---|---|
| November 2025 | Trial docket. |

2. The Parties respectfully seek a 90-day extension of the unexpired deadlines listed above. This is the Parties' second request for an extension of the Scheduling Order deadlines.

3. This requested extension is not sought for the purposes of delay and good cause exists to amend the current Scheduling Order. The Parties have acted diligently in prosecuting and defending this action. Each party has issued written discovery to the other and Defendant has produced relevant claim file materials related to the insurance claim upon which this action is premised. The parties have began taking the depositions of claims personnel and taken the deposition of Anthony Peralta. The Parties conducted mediation with Dan Holeman on May 29, 2025, but the matter did not settle. But the parties are reasonably confident that would additional time to conduct discovery, the parties will be able to come to a resolution. The discovery that needs to be conduct are depositions of additional Encompass claims personnel, Plaintiff, outside consultants of Encompass in handling the claim, and experts. Most of the additional depositions will be of witnesses located out-of-state and coordinating their availability will take additional time.

4. Good cause further exists because trial in this matter is not imminent, there is no objection among the Parties to this request, and the Parties have been diligent in conducting discovery in this matter. Good cause also exists because none of the existing deadlines the Parties request be extended have expired; instead, counsel for the Parties have

discussed the discovery to be conducted in this matter, and have submitted this Joint Motion in a timely manner.

    5.       Should the Court grant the requested extension, the new deadlines will be as follows:

| | |
|---|---|
| October 30, 2025 | Plaintiffs to file a final list of expert witness(es) in chief and submit expert reports to Defendant. |
| November 13, 2025 ("14 days thereafter") | Defendant to file a final list of expert witness(es) in chief and submit expert reports to Plaintiffs. |
| October 30, 2025 | Plaintiff to file a final list of witnesses. |
| November 13, 2025 ("14 days thereafter") | Defendant to file a final list of witnesses. |
| November 13, 2025 | Plaintiff to file a final list of exhibits. |
| November 27, 2025 ("14 days thereafter") | Defendant to file objections to Plaintiffs' final exhibit list. |
| November 20, 2025 | Defendant to file a final list of exhibits. |
| December 4, 2025 ("14 days thereafter") | Plaintiffs to file objections to Defendant's final exhibit list. |
| December 30, 2025 | Discovery to be completed. |
| December 1, 2025 | Daubert Motions to be filed. |
| December 1, 2025 | Dispositive Motions to be filed. |

| December 30, 2025 | Designations of deposition testimony. |
|---|---|
| January 6, 2026 | Objections and counter-designations to be filed. |
| December 30, 2025 | Motions in Limine to be filed. |
| December 30, 2025 | Requested voir dire to be filed. |
| December 30, 2025 | Trial briefs to be filed. |
| December 30, 2025 | Requested jury instructions to be filed. |
| January 6, 2026 | Objections or responses to motions in limine to be filed. |
| January 6, 2026 | Objections or responses to requested voir dire, trial briefs and requested jury instructions to be filed. |
| December 30, 2025 | The proposed final pretrial report to be submitted to the Court. |
| February 2025 | Trial docket |

6. Federal Rule of Civil Procedure 16(b)(4) allows a trial court to modify or amend a scheduling order "only for good cause and with the judge's consent." Similarly, Rule 6 provides that a "court may, for good cause, extend the time [by which an act may or must be done] . . . if a request is made, before the original time or its extension expires . . . ." *See* FED. R. CIV. P. 6(b)(1)(A).

7. In practice, the good cause standard "requires the movant to show that the

'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006) (holding that, to meet the good cause standard, the movant must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[1]).

8. In determining whether good cause exists to amend the scheduling order and allow more time to conduct discovery, courts may consider a number of factors, including: "(1) whether trial is imminent; (2) whether the request is opposed and, if so, whether the non-moving party would be prejudiced; (3) when the moving party learned of the issue that is the subject of discovery and whether the moving party was otherwise diligent in obtaining discovery within the deadlines established by the court; (4) the likelihood that discovery will lead to relevant evidence; (5) how the discovery might affect rulings on pending motions; (6) the length of the discovery period; and (7) whether the adverse party was responsive to discovery requests." 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][a] (3d ed. 2019).

9. Here, the Parties' Motion is made "in a timely manner, *i.e.,* in advance of the relevant deadline" and there is no demonstration "of carelessness . . . to the Court's

---

[1] *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *see also* FED. R. CIV. P. 16(b) adv. comm. n. (1983 amendment) (stating that "the Court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

deadlines." *Fairchild v. Peak Med. Corp.*, No. 09-CV-296-TCK-FHM, 2010 WL 845974, *2 (N.D. Okla. Mar. 5, 2010) (unpublished). As described above, the Parties have been diligent in their discovery efforts and seek additional time to complete discovery and prepare for their expert disclosures and trial. The requested extension will cause no prejudice to any Party.

10. Based on the foregoing, the Parties respectfully ask the Court to extend the current Scheduling Order by 90 days.

11. A proposed Order will be submitted contemporaneously with the filing of this Joint Motion.

## CONCLUSION

Based on the above and foregoing, the Parties respectfully request the Court grant this Joint Motion and enter an Order granting a 90-day extension of the pending Scheduling Order deadlines and trial docket in the manner set forth above.

                Respectfully submitted,

                s/*Chad E. Ihrig*
                Chad E. Ihrig, OBA #19491
                **MANSELL & ENGEL, P.C.**
                204 North Robinson Avenue, Suite 2100
                Oklahoma City, OK 73102-7201
                T: (405) 232-4100 \*\*
                F: (405) 232-4140
                Email: cihrig@meclaw.net

                *ATTORNEYS FOR PLAINTIFF*

                *-and-*

*s/ Jasper v. Abbott*
Naureen Hubbard, OBA#20604
Jasper V. Abbott, OBA #30001
**Dewberry & Hubbard, PLC**
24 West Park Place
Oklahoma City, OK 73103
Telephone: (405) 601-9400
Facsimile: (405) 601-9444
naureen@dewberryhubbard.com
jasper@dewberryhubbard.com

*ATTORNEYS FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2025, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to all registered participants of the Electronic Case Filing System:

                                s/*Jasper Abbott*